**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Samuel Cox,

     Plaintiff,

v.

Commissioner Department of Human
Services,

     Defendant.

Case No. 26-cv-1983 (JMB/DTS)

**REPORT AND RECOMMENDATION**

---

Earlier this year, plaintiff Samuel Cox, a client of the Minnesota Sex Offender Program (MSOP), filed three lawsuits alleging that conditions at MSOP amounted to a violation of his constitutional rights. *See Cox v. Commissioner Department of Human Services*, No. 26-cv-0931 (D. Minn.); *Cox v. Commissioner Department of Human Services*, No. 26-cv-0932 (D. Minn.); and *Cox v. Commissioner Department of Human Services*, No. 26-cv-0949 (D. Minn.). Two of those lawsuits were summarily dismissed without prejudice, while the third lawsuit remains pending on preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B).

This lawsuit is a reprisal of one of Cox's earlier lawsuits that has already been summarily dismissed. In fact, the complaint in this matter appears to be nearly an exact copy of one of the complaints submitted by Cox earlier this year. *Compare* Complaint (Dkt. No. 1), *with Cox*, No. 26-cv-0932, Dkt. No. 1 (D. Minn. filed Jan. 30, 2026). That earlier action was dismissed on the grounds that Cox had failed to state a claim on which relief may be granted. *See Cox*, No. 26-cv-0932, Dkt. No. 8 (D. Minn. Feb. 20, 2026), Report and Recommendation adopted by Dkt. No. 9 (D. Minn. March 23, 2026). Days

before that earlier lawsuit had been dismissed, but after a recommendation of dismissal had already been entered, Cox filed this duplicative lawsuit.

The judgment in Cox's earlier lawsuit does not have formal preclusive effect in this case, as the judgment in the earlier case was entered without prejudice rather than with prejudice. That said, this Court cannot perceive any reason why this lawsuit should end any differently than the earlier lawsuit. As explained in the Report and Recommendation in that matter (which was later adopted), Cox's factual allegations are entirely vague regarding what, specifically, he is suing about:

> The complaint is laden with conclusory allegations that, for example, Cox has been subjected to "excessive punishment" and "harassment," (Compl., Dkt. 1, at 2); that Cox has been "denied access to the court" and "stripped of [his] property," (*id.*); that MSOP officials have implemented "unconstitutional policies," (*id.*); and so on. None of these conclusory factual allegations are sufficient to put the Court or any defendant on notice of why Cox is bringing this lawsuit.

*Cox*, No. 26-cv-0932, Dkt. No. 8 at 2. Every one of these observations about Cox's earlier lawsuit remains true in this case (which, again, was initiated with a nearly identical pleading). Cox's legal claims regarding the lawfulness of conditions at MSOP are supported only by a laundry list of conclusory allegations—and conclusory allegations generally must be disregarded when assessing whether a complaint states a claim on which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

As the earlier Report and Recommendation also pointed out, the problem is not that Cox *cannot* plead more precisely. Cox has been a frequent litigant over the years, and he has established that he is capable of presenting factual allegations in a non-conclusory fashion. The problem, rather, is that Cox has chosen not to set forth non-conclusory factual allegations. Still worse, upon learning that his complaint was regarded

2

as overly conclusory, Cox elected not to take meaningful steps towards fixing that problem; he did not even elect to object to the Report and Recommendation of dismissal, or (to date) file a notice of appeal from the judgment. Instead, Cox submitted very nearly the same pleading all over again, hoping for a different outcome.

The Court recommends that the outcome of this lawsuit not be different. Because Cox has applied for *in forma pauperis* (IFP) status, his complaint is subject to preservice review under § 1915(e)(2)(B), which requires that a complaint from an IFP applicant be dismissed if it is frivolous, malicious, or fails to state a claim on which relief may be granted. The complaint in this matter, just the same as the nearly identical complaint in the prior matter, fails to state a claim on which relief may be granted. Cox's complaint should therefore be dismissed and his IFP application denied. The Court will also again recommend that the dismissal be without prejudice, though Cox is warned that he will not be given endless opportunities to state a viable claim for relief and that, should he submit the same complaint for a third time, that pleading may be dismissed with prejudice. Finally, because the Court does not believe that appointment of counsel in this matter would be likely to prove an effective use of limited judicial resources, if is further recommended that Cox's motion for appointment of counsel be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, THE COURT HEREBY RECOMMENDS:

1.    This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.      The application to proceed *in forma pauperis* of plaintiff Samuel Cox (Dkt.

No. 2) be DENIED.

3.      Cox's motion for appointment of counsel (Dkt. No. 4) be DENIED.

Dated: April 3, 2026                         __s/ David T. Schultz_____
                                             DAVID T. SCHULTZ
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).